**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Scott Freeman, M.D., | 2:22-cv-01433-RFB-MDC |
| Plaintiff(s), | |
| vs. | Order |
| Stephen Hurst, et al., | |
| Defendant(s). | |

Plaintiff Scott Freeman filed a *Motion For Leave To Amend The Complaint*. ("Motion"). ECF No. 182. Per the parties' agreement, the deadline to amend the pleadings in this case is August 26, 2024. ECF No. 136 at 4: 14. The Court grants the Motion. Plaintiff has seven days to file the proposed amended complaint.

**I.     Background**

Plaintiff seeks leave to amend the complaint to clarify that he brings claims not merely as trustee of his revocable trust but also in his individual capacity. ECF No. 182 at 2. He argues that his amendment requires a total of four words, two in the caption ("individually and"), then the same two words repeated in the first unnumbered paragraph of the complaint: "Scott Freeman, M.D., individually and as trustee for the Scott Mitchell Freeman Revocable Living Trust, dated March 10, 2012, for itself and as assignee of Ferdinand Belga . . . ." *Id.*

The defendants argue in their responses that plaintiff has caused undue delay in seeking to amend, that they would be prejudiced, that plaintiff has bad faith, and that the amendment is futile. ECF Nos. 183-185. Plaintiff argues in the reply that defendants' assertions are unfounded and that while he provides more detail, he adds no new claims. ECF No. 186.

//

## II. Discussion

### a. Legal Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

### b. Analysis

Plaintiff has previously amended, which weighs against the plaintiff. The Court finds, however, that plaintiff's proposed amendment is not made in bad faith as the proposed amendment is narrowly tailored to add new details but no new claims. The parties agreed that the deadline to amend the pleadings in this case is August 26, 2024, so the Court finds that plaintiff timely moved to amend. See ECF No. 136 at 4: 14. The Court finds that there is no undue delay because plaintiff filed the motion long before the deadline to amend. The defendants will not be prejudiced by the amendment because the new allegations are closely related to the claims in the operative complaint. The defendants' futility arguments would be better addressed through a motion to dismiss or for summary judgment, given that

the new the allegations are reasonably related to plaintiff's original complaint. On balance, plaintiff has shown good cause to amend the complaint.

IT IS ORDERED that:

1. Plaintiff's motion for leave to amend the complaint (ECF No. 182) is GRANTED.
2. Plaintiff Freeman has until June 11, 2024, to file his amended complaint on the docket.

Dated this 4th day of June 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge