**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Scott Freeman, M.D., <br><br> Plaintiff(s), <br><br> vs. <br><br> Stephen Hurst, et al., <br><br> Defendant(s). | 2:22-cv-01433-RFB-MDC <br><br> **ORDER GRANTING MOTION TO SEAL (ECF NO. 226) AND SETTING HEARING ON MOTION TO DISQUALIFY COUNSEL (ECF NO. 201)** |

Defendants filed a *Motion to Disqualify Counsel* ("Motion to Disqualify") (ECF No. 201) and the plaintiff file a related *Motion to Seal* (ECF No. 226). The Court grants the Motion to Seal and sets a hearing on the Motion to Disqualify.

A party seeking to seal documents in support of a non-dispositive motion must only show "good cause" exists to seal the documents in question. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). "As several courts have recognized 'a strong public interest exists in favor of secrecy of matters discussed by parties during settlement negotiations,' and therefore warrants under seal protection of such discussions" *Russell v. Walmart Inc*., 2023 U.S. Dist. lexis 151696, at *3 (C.D. Cal. July 25, 2023)) (collecting cases).

The Court finds that good cause exists to temporarily redact Exhibits 3 and 4 attached to the opposition to defendants' Motion to Disqualify. The Court has reviewed the exhibits. The redactions pertain to settlement communications. Balancing the public interest for public access to the record and the public interest in protecting good faith settlement negotiations, the Court finds there is good cause to limit access to the settlement negotiations at this time.

//

IT IS ORDERED that:

1. The parties must appear in-person at **1:30 p.m. on February 13, 2025, in Courtroom 3D,** for a HEARING on the *Motion to Disqualify Counsel* (ECF No. 201).

2. The reply in support of the Motion to Disqualify is due by February 10, 2025.

3. Plaintiff's *Motion to Seal* (ECF No. 226) is GRANTED.

Dated: January 28, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

2