UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SCOTT FREEMAN, M.D., *et al.* | Case No. 2:22-cv-01433-RFB-MDC |
| Plaintiffs, | **ORDER** |
| v. | |
| STEPHEN HURST, *et al.*, | |
| Defendants. | |

Before the Court is a Motion for injunctive relief by Defendants Stephen Hurst, *et al*. On February 21, 2025, Defendants filed a Motion for Temporary Restraining Order. ECF No. 253. For the following reasons, the Court grants Defendant's motion.

The analysis for a temporary restraining order ("TRO") is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the [movant] will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs. Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

Movants seek injunctive relief prohibiting Scott Freeman, his agents, and representatives from holding themselves out as officers or directors of Savant HWP, Inc. On February 18, 2025, Scott Freeman emailed Stephen Hurst stating that "the board of directors of Savant HWP, Inc. has terminated you as CEO and all other officer and management positions at Savant HWP Inc. effective immediately. You must not represent yourself in any of these capacities." Subsequently, Mr. Freeman reached out via email to counsel for Savant HWP, Inc., inquiring regarding their representation of Savant HWP, Inc., and to Stephen Hurst alleging Plaintiff had terminated

attorneys at Parsons Behle as counsel for Savant HWP, Inc. On February 19, 2025, counsel from Parsons Behle forwarded these communications to Scott Freeman's counsel. They provided proof of the alleged fraud Mr. Freeman is engaging in and requested a meet and confer to determine whether Mr. Freeman will cease and desist or whether it was necessary to seek injunctive relief from the court. Counsel for Mr. Freeman did not respond, and Mr. Freeman did not cease and desist from making fraudulent misrepresentations about the leadership of Savant HWP, Inc.

First, the Court considers Defendants likelihood of success on the merits. See Wells Fargo & Co., 758 F.3d at 1071. Pursuant to the Savant HWP, Inc. bylaws, officers of the corporation are chosen by the Board of Directors and may be removed at any time by an affirmative vote of a majority of the Board of Directors. Movants provide with their motion the 2023 Annual Franchise Tax Report which lists Stephen Hurst, Jeff Saling, and Nico Forte as the Directors of Savant HWP, Inc. Additionally, Movants provide the declarations of Stephen Hurst and Nico Forte in support of the Motion for Temporary Restraining Order. In both declarations, Hurst and Forte attest that they have never cast a Board vote to either remove Hurst as CEO and Chairman of Savant HWP, Inc., or appoint Scott Freeman CEO or Chairman of Savant HWP, Inc. Thus, because the bylaws of Savant HWP, Inc. require that the Board of Directors vote on the election or appointment of the corporations CEO and Chairman, and according to two of the three members of the Board, no election was held, it is legally impossible that Scott Freeman is the current CEO and Chairman of Savant HWP, Inc. The court finds that Movants are likely to succeed on the merits of their motion for a temporary restraining order.

Second, the Court considers whether movant is likely to suffer irreparable harm in the absence of preliminary relief. The Ninth Circuit has held that damage to reputation or goodwill, because it is difficult to calculate, qualifies as irreparable harm. Rent-a-Center, Inc. v. Canyon Television & Appliance, 944 F.2d 597, 603 (9th Cir. 1991). Here, Movants contend Savant HWP, Inc. will suffer irreparable hardship if Scott Freeman is not enjoined from holding himself as the CEO and Chairman of Savant HWP, Inc. because by falsely representing himself as the CEO and Chairman, Freeman is engaging in corporate misconduct. Additionally, Movants contend that if Freeman is not enjoined, Savant HWP, Inc. may be entered into agreements not approved by the Board of Directors which will cause reputational harm. Id. The Court finds that Movants are likely to face irreparable harm absent injunctive relief.

Third, the Court considers whether the balance of equities tips in Movants favor. The Ninth

Circuit has held that if the Court finds that a movant has showed irreparable harm, the movant has demonstrated that the equities weigh in their favor. Hooks for & on Behalf of Nat'l Lab. Rels. Bd. v. Nexstar Broad., Inc., 54 F.4th 1101, 1109 (9th Cir. 2022). Thus, because the Court has found that Movants are likely to face irreparable harm absent injunctive relief, the Court finds that the balance of equities weighs in their favor.

Fourth, the Court considers the public interest. "The public interest analysis for the issuance of a preliminary injunction requires us to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1138 (9th Cir. 2011). In this case, absent injunctive relief, there exists a risk that the public may be misled by Scott Freeman falsely holding himself out to be the CEO and Chairman of Savant HWP, Inc. Alternatively, there is no risk to the public if injunctive relief is granted to Movants. Thus, the Court finds that the public interest weighs in favor of Movants.

Therefore, Defendants have sufficiently established that they satisfy each of the Winter factors.

For the Foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Temporary Restraining Order, (ECF No. 253), is **GRANTED**. Plaintiff shall immediately cease representing himself as the CEO or Chairman of Savant HWP, LLC. The Temporary Restraining Order will remain in force for the earlier of 14 days or until the Court issues a ruling on Defendants' pending Motion to Dismiss. Plaintiff must submit his Responses to the Motion for Temporary Restraining Order and Motion for Preliminary Injunction on or before March 11, 2025. **IT IS FURTHER ORDERED** that Parties must appear in-person for a Motion Hearing at 9:30 AM on March 13, 2025, in LV Courtroom 7C before Judge Richard F. Boulware.

**DATED:** March 6, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**