**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Scott Freeman, M.D.,<br><br>    Plaintiff(s),<br><br>vs.<br><br>Stephen Hurst, et al,<br><br>    Defendant(s). | 2:22-cv-01433-RFB-MDC<br><br>**ORDER DENYING THE STIPULATION REGARDING DISCOVERY DISPUTE WITHOUT PREJUDICE (ECF NO. 312)** |

  The Court has reviewed the parties' *Stipulation Regarding Discovery Dispute* (ECF No. 312). The Court **DENIES** the Stipulation without prejudice.

  The parties dispute twenty-seven requests for admission. *ECF No. 312 at 2*. Plaintiff's position is essentially that he needs to file a full motion to compel, which is not reasonable. Defendants' position is that the requests are overly broad. Even if the requests are overly broad, upon review of some of the defendants' responses, the defendants did not produce any documents to the contested requests. "Despite the overly broad nature of [a discovery request], a party typically has a duty to respond to it to the extent the [discovery request] is not objectionable and can be narrowed to an appropriate scope." *Moser v. Health Ins. Innovations, Inc.*, No. 17cv1127-WQH(KSC), 2018 U.S. Dist. LEXIS 192408, at *18-19 (S.D. Cal. Nov. 9, 2018), citing to *Moses v. Halstead*, 236 F.R.D. at 672.  Plaintiff had a duty to work through the stipulation with the defendants and the defendants had a duty to produce some documents.

  The Court finds the parties did not meaningfully meet and confer.  In addition, the parties shall comply with the Court's 8/19/24 Standing Order (ECF No. 212), particularly engaging in meaningful and earnest meet and confer, to address this discovery dispute.

//

**IT IS ORDERED** that the parties' *Stipulation Regarding Discovery Dispute* (ECF No. 312) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: December 8, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge