**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Scott Freeman, M.D.,

                Plaintiff(s),

vs.

Stephen Hurst, et al,

                Defendant(s).

2:22-cv-01433-RFB-MDC

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS TO SEAL (ECF NO. 301 and 338)**

**And**

**ORDER REGARDING PENDING MOTIONS**

The Court has reviewed the parties' motions. The Court:

- **RECOMMENDS** that the plaintiff's request to seal the Complaint in his *Motion to Seal* (ECF No. 301), and *Motion to Seal* (ECF No. 338) certain exhibits (attached at ECF No. 336-1 through 336-12) which are dispositive, be **DENIED**.

- **ORDERS** that the plaintiff's request to seal the *Motion to Amend* and the *reply brief* which are non-dispositive issues, are **DENIED.** [1]

- **ORDERS** that the parties' *Motions for Leave to Amend* (ECF Nos. 300, 302, and 303) are **GRANTED**. Given the pending Report and Recommendation, the parties have **fourteen days** to file their amendments on the docket, pursuant to the detailed instructions in this Order.

- **ORDERS** that FCM MM Holdings, LLC's *Motion for Leave to File an Amicus Brief* (ECF No. 323) is **DENIED.**

- **ORDERS** that the defendants' *Motion for Leave to File Notice of Supplemental Authority* (ECF No. 347) is **DENIED** as inapplicable**.**

---

[1] The Court cautions the plaintiff that in the future, he must follow the local rules, which requires that, "[f]or each type of relief requested or purpose of the document, a separate document must be filed." See LR IC 2-2.

## I.    REPORT AND RECOMMENDATION AND ORDER REGARDING THE MOTION TO SEAL (ECF NO. 301) AND THE MOTION TO SEAL THE EXHIBITS ATTACHED TO THE REPLY (ECF NO. 336)

Plaintiff seeks to seal his (1) Motion for Leave to Amend the Complaint and (2) the Complaint. *ECF No. 301*. Plaintiff also seeks to seal the reply to his Motion for Leave to Amend and the attached exhibits. *ECF Nos. 338, referring to ECF Nos. 336, and 336-1 through 336-12*. Given that plaintiff intermingled his requests throughout his briefing, in violation of the Local Rules, and different documents have different standards (non-dispositive vs. dispositive) the undersigned submits this combined Report and Recommendation regarding certain dispositive issues to the district judge, along with the orders on the remaining issues and motions.

### A.    The Court Recommends that the Request to Seal the proposed Complaint and Certain Exhibits be Denied (ECF Nos. 301 and 338)

"Courts within this district and the Ninth Circuit generally agree that a request to seal the complaint is considered 'dispositive' for purposes of a motion to seal." *Paradise Ent. Ltd. v. Empire Tech. Grp. Ltd.*, No. 2:24-cv-00428, 2025 U.S. Dist. LEXIS 42502, at *7 (D. Nev. Mar. 7, 2025) (citation omitted). The standard for the proposed amended complaint and the exhibits that it refers to is therefore the compelling-reasons standard. *Kamakana v. City and County of Honolulu*, 447 F.3d 1179 (9th Cir. 2006). The plaintiff also attached certain exhibits that he intends to attach to the complaint to his reply to the Motion to Amend (ECF No. 336), which makes whether these particular exhibits will remain sealed a dispositive issue.

Plaintiff seeks to seal the entire complaint, and plaintiff also seeks to seal certain exhibits that (1) he designated as confidential and (2) that the defendants designated as confidential. *ECF No. 301 at 4*. Plaintiff attached a sealed copy of the complaint (ECF No. 303-1) but his proposed complaint does not contain any exhibits for the Court to review. Plaintiff argues that his proposed exhibits are trade secrets.

*Id*. Plaintiff states that he does not know why defendants designated their proposed exhibits as confidential, but he seeks to seal them to allow defendant to show any compelling reasons why they should remain under seal. *Id*. Plaintiff states that he is not filing any of the proposed exhibits to his Motion to Amend because he is providing them in a separate appendix to defendants. *Id*. The defendants did not respond to plaintiff's Motion to Seal and so did not show compelling reasons to seal their exhibits. The plaintiff also attached certain exhibits from the defendants to his reply to the Motion to Amend, and again argues that he does not know why the defendants designated these documents as confidential. *ECF No. 336*. The defendants again did not file a response or provide compelling reasons for allowing these documents to remain under seal.

Since the plaintiff did not attach the proposed exhibits to his proposed Complaint (but instead only attached a selection of exhibits to his reply) the Court is unable to determine which exhibits he wishes to attach to the complaint and whether there are compelling reasons to seal any exhibits. Plaintiff also has not shown compelling reasons to seal the entire complaint, rather than filing a redacted complaint.  See *Walker v. Lewis*, No. 2:23-CV-00165-CDS-NJK, 2024 WL 2067171, at *1 (D. Nev. Apr. 18, 2024)("Without the presentation of compelling reasons, redaction is the preferred method to protect confidential information and alleviates the need to seal the entire document.")(citing several authorities). As the plaintiff's prior complaints were not sealed, and the instant complaint is largely duplicative, selective redacting would be preferred. Plaintiff argues that all the exhibits attached to the reply (ECF Nos. 336-1 through 336-12) were designated as confidential by the defendants, but the defendants did not provide compelling reasons why these exhibits should remain under seal. The Court thus recommends that the requests to seal the entire proposed complaint and the exhibits attached at ECF Nos. 336-1 through 336-12) should be denied.

//

//

**B.  The Court Orders that the Request to Seal the Motion to Amend and the Motion to Seal the Reply is Granted**

"Generally, a motion for leave to amend the pleadings is considered non-dispositive." *Paradise Ent. Ltd. v. Empire Tech. Grp. Ltd.*, No. 2:24-cv-00428, 2025 U.S. Dist. LEXIS 42502, at *7 (D. Nev. Mar. 7, 2025) (citation omitted). Because a motion for leave to amend and its corresponding reply is non-dispositive, the good-cause standard applies. See *Kamakana*, 447 F.3d at 1179. The plaintiff filed a selectively redacted version of the Motion to Amend pursuant to the parties' protective order and does not seek to seal the entire motion or the entire reply. *ECF No. 302*. Plaintiff, however, states that the redactions are pursuant to the parties' protective order and he does not know whether the defendants want them sealed. The defendants did not file a response, so the defendants have not shown good cause for the Motion and the Reply to remain under seal. Given that the filings are intermingled with the filings discussed in the Report and Recommendation, however, the filings will all remain sealed temporarily pending the Court's ruling on the Report and Recommendation.

**II.    ORDER GRANTING THE PARTIES' MOTIONS TO AMEND (ECF NOS. 300, 302, AND 303) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY (ECF NO. 347)**

Both plaintiff and defendants filed motions to amend on the deadline to amend in this case. *See ECF No. 238*. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." FRCP 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D.

Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

The parties meet the liberal standard for leave to amend. There is no bad faith. The parties filed their motions on the amendment deadline that they all agreed to via stipulation. The parties will not be prejudiced by amendment because the allegations are closely related to the operative claims. Ruling on futility at this stage is rare, and this case is not one of the rare cases that requires a ruling on futility. The parties' futility arguments would be better addressed through a motion to dismiss or for summary judgment, given that the proposed allegations are reasonably related to the operative claims.

Regrading defendant's Motion for Leave to File Supplemental Authority (ECF No. 347), the Court denies the Motion as inapplicable. Defendant cites to a recent Ninth Circuit case which affirmed dismissal of a complaint under Rule 8. *Gibson v. City of Portland*, No. 24-1663, 2026 WL 235118 (9th Cir. Jan. 29, 2026). That case pertains to dismissal, not amendment, so it is inapplicable here. The Court finds that the parties have shown good cause to amend under liberal pleading standard.

The Court grants plaintiff leave to file the proposed Fourth Amended Complaint. However, since plaintiff did not attach any exhibits nor requested to attach the exhibits, plaintiff does not have leave to attach any exhibits to the Complaint. Since the undersigned entered a Report and Recommendation regarding sealing the Complaint, the plaintiff may (1) object to this Report and Recommendation and file a sealed complaint on the docket within fourteen days, which will remain sealed pending the District Judge's ruling on the Report and Recommendation or (2) within fourteen days, plaintiff can file a redacted version of the Complaint, with selective redacting and no exhibits, along with a renewed

motion to seal, pursuant to the Court's analysis in the section of this Order that pertains to the amended complaint.

The defendants have fourteen days to file their amendment on the docket.

**III.    ORDER DENYING FCM MM HOLDINGS, LLC'S MOTION FOR LEAVE TO FILE AN AMICUS BRIEF (ECF NO. 323)**

This motion purports to assist the Court regarding whether defendant Stephen Hurst should be allowed to name FCM MM Holdings, LLC ("FCM") as a defendant. ECF No. 323.  However, the proposed amicus brief is effectively seeking relief in opposition defendant Hurt's motion for leave to amend (ECF Nos. 300, 318).   In *S.E.C. v. Ross*, the Ninth Circuit rejected the Eleventh Circuit's approach of allowing an amicus brief to be filed as an alternative to intervention: "Although [movant] could also have sought to file an amicus brief, we regard that option, in these circumstances" where jurisdiction can already be challenged after a non-party is joined, "as an inadequate substitute for party status." 504 F.3d 1130, 1151 n.18 (2007). What distinguishes an amicus from a party filing, is that an amicus should provide new information to assist the Court, not seek relief as a party. See *United States v. Kovar*, No. 2:25-cr-00028-JAD-MDC, 2025 WL 1695397, at *1–2 (D. Nev. June 17, 2025). The Court finds that this is not an appropriate amicus brief because FCM is an anticipated party, who could have sought permissive intervention, but chose not to. FCM will not be prejudiced because it can defend itself now that it has been named as a party.

**IT IS RECOMMENDED** that the plaintiff's *Motions to Seal* (ECF Nos. 301 and 338) be **DENIED**.

**IT IS ORDERED THAT:**

1.  The plaintiff's requests to seal the non-dispositive filings are **DENIED** as detailed in this Order.

2. The Clerk of Court **IS DIRECTED** that the sealed filings (ECF Nos. 303 and 337) must **remain under seal** pending the district judge's ruling on the Report and Recommendation.

3. The parties' *Motions for Leave to Amend* (ECF Nos. 300, 302, and 303) are **GRANTED**. Given the pending Report and Recommendation, the parties have **fourteen days** to file their amendments on the docket, pursuant to the detailed instructions in this Order.

4. FCM MM Holdings, LLC's *Motion for Leave to File an Amicus Brief* (ECF No. 323) is **DENIED.**

5. Defendants' *Motion for Leave to File Notice of Supplemental Authority* (ECF No. 347) is **DENIED.**

IT IS SO RECOMMENDED AND ORDERED.

Dated: February 13, 2026.

_____
Hon. Maximiliaro D. Couvillier III
United States Magistrate Judge