**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

SCOTT FREEMAN, M.D.,

        Plaintiff,

    v.

STEPHEN HURST, *et al.*,

        Defendants.

Case No. 2:22-cv-01433-RFB-MDC

**ORDER ON REPORT AND RECOMMEDNATION (ECF NO. 351) AND MOTIONS TO SEAL (ECF NOS. 360, 361)**

Before the Court for consideration is the Report and Recommendation (ECF No. 351) of the Honorable Maximiliano D. Couvillier, III, United States Magistrate Judge, entered on February 13, 2026, and Plaintiff's unopposed Motions to Seal (ECF Nos. 360, 361) the Fourth Amended Complaint and accompanying Appendix of exhibits. For the following reasons, the Court (i.) finds the Report and Recommendation is now moot in light of Plaintiff's latest filings and (ii.) grants Plaintiff's motions to seal. The Court further clarifies the parties' outstanding objections to the Magistrate Judge's Order.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A party may file specific written objections to the findings and recommendations of a magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Local Rule ("LR") IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also LR IB 3-2(b). Pursuant to LR IB 3-2(a), objections were due by February 27, 2026.

On February 27, 2026, Plaintiff filed an Objection (ECF No. 359), but this objection was

not to any ruling subject to the de novo standard of review under LR IB 3-2 and 28 U.S.C. § 636(b)(1)(C), *i.e.*, a recommended ruling submitted to the undersigned; rather, the objection was to the Magistrate Judge's ruling on the filing of exhibits, which is an order that, on review by the district judge, is subject to the clearly erroneous or contrary to law standard set forth in 28 U.S.C. § 636(b)(1)(A) and LR IB 3-1. See ECF No. 359. Because Plaintiff filed this objection under LR IB 3-2, rather than as an objection under LR IB 3-1, Plaintiff is granted leave to amend and re-file their objection(s) to ECF No. 351 as an objection/appeal of the Magistrate Judge's *Order* under LR IB 3-1. The deadline for this amended objection is June 11, 2026.

The Court is also in receipt of the BPM Defendants' Objection (ECF No. 364) to the Magistrate Judge's Order. Similar to Plaintiff's Objection, BPM Defendants' Objection is to the Magistrate Judge's Order, not the Report and Recommendation the undersigned addresses herein. However, Defendants properly filed this Objection under LR IB 3-1, and it was merely mis-docketed as an objection to the Report and Recommendation. Accordingly, the Clerk of Court is instructed to re-docket ECF No. 364 as an objection/appeal of the Magistrate Judge's *Order* under LR IB 3-1. The Court will address the BPM Defendants' Objection in due course once it is properly docketed.

The Magistrate Judge's Report and Recommendation recommends that Plaintiff's requests to seal the Fourth Amended Complaint and certain exhibits (attached at ECF No. 336-1 through 336-12) through his Motions to Seal (ECF Nos. 301, 338) be denied for failure to satisfy the compelling reasons standard set forth in Kamakana v. City and County of Honolulu, 447 F.3d 1179 (9th Cir. 2006). Since the Report and Recommendation's issuance, Plaintiff has filed renewed Motions to Seal (ECF Nos. 360, 361) the Fourth Amended Complaint and accompanying exhibits under seal. As a result, the Court finds the Magistrate Judge's Report and Recommendation as to the earlier-filed Motions to Seal on the same matters (ECF Nos. 301, 338) is now moot.

Turning to Plaintiff's latest-filed—and unopposed—Motions to Seal (ECF Nos. 360, 361), the Court applies the "compelling reasons" standard. "Courts within this district and the Ninth Circuit generally agree that a request to seal the complaint is considered 'dispositive' for purposes of [determining the standard of review for] a motion to seal." Paradise Ent. Ltd. v. Empire Tech.

Grp. Ltd., No. 2:24-cv-00428-JCM-BNW, 2025 WL 755149, at *2 (D. Nev. Mar. 7, 2025) (collecting cases). The standard for the proposed amended complaint and the exhibits that it refers to is therefore the compelling reasons standard. See Kamakana, 447 F.3d at 1179. In their motions, Plaintiff states, and Defendants do not oppose, that both the Fourth Amended Complaint and its accompanying exhibits contain information pertaining to trade secrets, confidential settlement agreements with a non-party, and other information designated as confidential in accord with the parties' stipulated protective order (ECF No. 288). See ECF No. 302 at 4–6 (Plaintiff incorporates this reasoning into the instant Motions to Seal, ECF Nos. 360, 361).

Under this Circuit's precedent, a compelling reason to seal court records may exist where such records could become "a vehicle for improper purposes." Kamakana, 447 F.3d at 1179 (citation omitted). Such improper purposes may include the use of records to release trade secrets, harm a party or third party's competitive standing, or derive a party or third party of the bargain of confidentiality regarding their employee matters and business practices, all of which are implicated herein. See id.; X One, Inc. v. Uber Techs., Inc., No. 16-CV-06050-LHK, 2020 WL 718310, at *1 (N.D. Cal. Feb. 12, 2020); Adv. Hair Restoration LLC v. Bosley Inc., No. C23-1031-KKE, 2025 WL 1796999, at *2 (W.D. Wash. June 30, 2025); Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc., No. 17CV205-MMA (MDD), 2020 WL 1911502, at *5–6 (S.D. Cal. Apr. 20, 2020). On those bases, the Court finds compelling reasons justify granting Plaintiff's unopposed requests to seal the Fourth Amended Complaint and accompanying exhibits pending this Court's ruling on parties' objections to the Magistrate Judge's Order.

**IT IS THEREFORE ORDERED** the Report and Recommendation (ECF No. 351) as to Plaintiff's Motions to Seal (ECF Nos. 301, 338) is **DENIED** as moot.

**IT IS FURTHER ORDERED** Plaintiff's latest-filed Motions to Seal (ECF Nos. 360, 361) are **GRANTED**. The Fourth Amended Complaint and accompanying exhibits shall therefore be docketed under seal pending the Court's ruling on the parties' objections to the Magistrate Judge's Order.

**IT IS FURTHER ORDERED** Plaintiff is **GRANTED** leave to amend and re-file their objection(s) to ECF No. 351 as an amended objection/appeal of the Magistrate Judge's Order under

LR IB 3-1 by **June 11, 2026**.

**IT IS HEREBY ORDERED** the Clerk of Court re-docket (and gavel) ECF No. 364 as an objection/appeal of the Magistrate Judge's Order under LR IB 3-1.


**DATED:** May 28, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**